ORIGINAL

# In the United States Court of Federal Claims

No. 13-197C
Filed: July 19, 2013
**TO BE PUBLISHED**

FILED
JUL 1 9 2013
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHRISTIAN J. WURST III,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Motion To Dismiss, RCFC 12(b)(1);
*Pro Se*;
Tucker Act, 28 U.S.C. § 1491(a)(1), (c) (actions against Tennessee Valley Authority).

**Christian J. Wurst III,** Philadelphia, Pennsylvania, Plaintiff, *pro se*.

**Carrie A. Dunsmore,** Commercial Litigation Branch, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER

**BRADEN,** *Judge*.

**I.    FACTUAL BACKGROUND.**[1]

This case involves an employment contract between Christian J. Wurst III ("Plaintiff") and the Tennessee Valley Authority ("the TVA"). Compl. at 2.

On September 5, 2011, Plaintiff applied for employment with the TVA for the position of Electrical Engineering Design at the Browns Ferry Nuclear Plant in Athens, Alabama. Compl. at 7. On December 7, 2011, the TVA made a conditional offer of employment to Plaintiff for the position of Electrical Engineering Design in the Nuclear Power Group in Decatur, Alabama. Compl. at 18. The employment offer was contingent on security and medical clearances. Compl. at 18. On March 8, 2012, the TVA confirmed that Plaintiff met the employment conditions, so that the TVA could proceed to ascertain a start date. Compl. at 25. On March 9, 2012, the TVA advised Plaintiff that his employment start date and orientation would be March

---

[1] The relevant facts discussed herein were derived from the March 18, 2013 Complaint ("Compl.").

26, 2012. Compl. at 26. On March 12, 2012, Plaintiff informed the TVA that, although he would be able to attend the orientation, he believed that the start date was "unreasonable, inconsiderate, and placing undue stress" on his ability to relocate. Compl. at 28. On March 14, 2012, the TVA rescinded Plaintiff's offer of employment. Compl. at 9, 84 (Apr. 26, 2012 e-mail confirming that "[t]he [rescind] order was given via telephone . . . in light of [Mr. Wurst's] determination to further delay his start date"), 374 (Mar. 14, 2012 rescind letter forwarded to Plaintiff via e-mail). The TVA declined to reconsider this decision. Compl. at 9. On September 11, 2012, Plaintiff filed a petition for appeal to the Merit Systems Protection Board ("MSPB"). Compl. at 104. On October 29, 2012, the MSPB dismissed the appeal for lack of jurisdiction. Compl. at 325.

## II.     PROCEDURAL HISTORY.

On March 18, 2013, Plaintiff filed a Complaint in the United States Court of Federal Claims against the United States ("the Government"), alleging that: (1) Plaintiff "detrimentally relied on this offer of employment," because (a) Plaintiff made a "monetary down payment and signed a purchase contract to procure a permanent residence" near the place of employment, as described in the employment contract, (b) Plaintiff hired a moving company to transfer his personal property, and (c) Plaintiff paid for and obtained an engineering license within the State of Alabama as required by the employment contract (Compl. at 2-3); and (2) Plaintiff "expended unpaid time and unrecoverable monies" from the day Plaintiff signed the TVA's employment offer to the day that the TVA rescinded the offer of employment. Compl. at 3.

The March 18, 2013 Complaint, in effect, alleges that TVA breached the employment contract, for which Plaintiff seeks reliance damages in the amount of $84,008.38. Compl. at 12.

On May 5, 2013, the Government filed a Motion To Dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) ("Gov't Mot."). On June 13, 2013, Plaintiff notified the court that he would not file a Response.

## III.    DISCUSSION.

### A.     Jurisdiction.

The United States Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Testan*, 424 U.S. 392, 398 (1976)). Therefore, to satisfy the jurisdictional requirements of the Tucker Act, a plaintiff must identify and plead a constitutional provision, federal statute, independent contractual relationship, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for

money damages against the United States separate from the Tucker Act itself."); *see also Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) ("Because the Tucker Act itself does not provide a substantive cause of action . . . a plaintiff must find elsewhere a money-mandating source upon which to base a suit.").

In addition, 28 U.S.C. § 1491(c) explicitly states that "[n]othing herein shall be construed to give the United States Court of Federal Claims jurisdiction . . . of any action against, or founded on conduct of, the Tennessee Valley Authority[.]" 28 U.S.C. § 1491(c).

### B. Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). "[I]n deciding the Government's motion to dismiss plaintiff['s] complaint, the court [is] obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Nonetheless, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [Plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### C. Issue Raised By The Government's May 3, 2013 Motion To Dismiss.

The Government's principal argument is that the United States Court of Federal Claims does not have jurisdiction to adjudicate Plaintiff's claims, because the Tucker Act explicitly states under 28 U.S.C. § 1491(c) that the United States Court of Federal Claims does not have jurisdiction to adjudicate "any action against, or founded on conduct of, the Tennessee Valley Authority." 28 U.S.C. § 1491(c). Because the Complaint concerns a contract between Plaintiff and the TVA, it is "an action against" the Tennessee Valley Authority. 28 U.S.C. § 1491(c). As such, this court does not have jurisdiction to adjudicate the claims alleged in the March 18, 2013 Complaint; however, a United States District Court within the appropriate venue may consider Plaintiff's breach of contract claim and his implicit claim of breach of the implied duty of good faith and fair dealing. *See Algernon Blair Indus. Contractors, Inc. v. Tenn. Valley Auth.*, 552 F. Supp. 972, 974 (M.D. Ala. 1993) ("The TVA always has been 'liable to direct lawsuit like any other litigant.'" (quoting *Latch v. Tenn. Valley Auth.*, 312 F. Supp. 1069, 1072 (N.D. Miss. 1970))); *see also* 14 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3657 (3d ed. 1998) ("[S]uits brought against the Tennessee Valley Authority, over which the Court of Federal Claims has no subject matter jurisdiction, still may be brought in the United States district courts.").

## IV. CONCLUSION.

For these reasons, the Government's May 5, 2013 Motion To Dismiss is granted. The Clerk is directed to dismiss the March 18, 2013 Complaint.

**IT IS SO ORDERED.**

s/ 
**SUSAN G. BRADEN**
**Judge**